# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 30, 2023

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |
| DOMENICA FOSTER, | \* | No. 20-882V |
| | \* | |
| Petitioner, | \* | Special Master Sanders |
| | \* | |
| v. | \* | |
| | \* | Dismissal; Show Cause Order; Insufficient |
| SECRETARY OF HEALTH | \* | Proof; Failure to Prosecute |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |

*Bridget C. McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Christine M. Becer*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On July 20, 2020, Domenica Foster ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that she suffered from Guillain-Barré Syndrome ("GBS") and peripheral neuropathy due to an influenza ("flu") vaccine administered on October 17, 2017. Pet. at 1, ECF No. 1. On March 3, 2022, Petitioner filed an amended petition alleging that she suffered from polyneuropathy that was caused-in-fact by her October 17, 2017 flu vaccination. Am. Pet. at 1, ECF No. 27.

On July 27, 2022, I ordered Petitioner to file an expert report by September 26, 2022. Scheduling Order, ECF No. 28. On September 22, 2022, Petitioner filed a motion for extension of time stating that her expert "need[ed] additional time to prepare his report." ECF No. 29. I granted Petitioner's motion and ordered her to file her expert report by November 10, 2022. Order, docketed Sept. 23, 2022. On November 10, 2022, Petitioner filed a status report stating that she

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

"will not be filing an expert report." ECF No. 30. Petitioner noted that "Petitioner's counsel has discussed with Petitioner the necessity of the above to move forward with her claim." *Id.*

On December 7, 2022, I issued a Show Cause Order. ECF No. 31. I stated that "[u]nder the Vaccine Act, petitioners may not be given a Program award based solely on their claims alone. Rather the petition must be supported by medical records or the opinion of a competent physician." *Id.* at 1 (citing 42 U.S.C. § 300aa-13(a)(1)). I noted that "Petitioner's medical records do not contain a definitive statement of causation made by a treating medical professional, a biological mechanism of causation pursuant to *Althen* prong one, or a logical sequence of cause and effect pursuant to *Althen* prong two." *Id.* I explained that I ordered Petitioner to file an expert report because "[w]ithout additional evidence, Petitioner will be unable to establish but-for causation based on the current record." *Id.* I further noted that Petitioner had had 133 days to file an expert report and that she "also had this time to determine how to proceed given [her] difficulties obtaining an expert report." *Id.* I told Petitioner that failure to respond to my Show Cause Order "w[ould] be interpreted as either an inability to provide supporting documentation for this claim or as a failure to prosecute, and this claim w[ould] be dismissed." *Id.*

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Petitioner has now had 187 days to file an expert report, and she has indicated that she does not plan to do so. Petitioner has also had 54 days to respond to my Show Cause Order. Petitioner's failure to respond to my Show Cause Order, or otherwise communicate with Chambers, indicates a disinterest in pursuing her claim. Furthermore, the medical records are insufficient to prove Petitioner's claim, and she has not filed a supporting opinion on causation from an expert witness. Therefore, this case must be **dismissed for insufficient proof and for failure to prosecute. The Clerk shall enter judgment accordingly.**

       **IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master